UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

TAMI HELANNA DEVEROUX

Case No. 06-40028-pjs
Chapter 7
Hon. Phillip J. Shefferly

Debtor(s).
_____/

DOWNRIVER SCHOOL EMPLOYEES
CREDIT UNION,

Plaintiff,

v.                                                                              Adv. No.

TAMI HELANNA DEVEROUX,

Defendant.
_____/
BUTLER, BUTLER & ROWSE-OBERLE, P.L.L.C.
KAREN L. ROWSE-OBERLE (P41893)
24525 Harper Avenue, Suite Two
St. Clair Shores, MI 48080
(586) 777-0770
_____/

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

DOWNRIVER SCHOOL EMPLOYEES CREDIT UNION, (Creditor) by and through its attorneys, BUTLER, BUTLER & ROWSE-OBERLE, P.L.L.C., for its complaint to determine dischargeability, pursuant to FRBP 4007, 7001(6), 11 U.S.C. §523(a)(2)(A) and states as follows:

1. The Defendant filed for relief pursuant to Chapter 7 of the Bankruptcy Code on January 3, 2006.

2. The Court has jurisdiction to determine the issues presented in this matter pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

4. Plaintiff is the holder of a claim against the Defendant in the above captioned matter in the amount of $17,183.30 arising from two overdrawn accounts opened on or about October 25, 2005.

## COUNT I - 11 U.S.C. §523(a)(2)(A)

5. Plaintiff incorporates the allegations contained in Paragraphs One through Four as though fully set forth herein.

6. Defendant opened the account bearing account number 17317 on or about October 25, 2005 with an entity named Deveroux Legal Services as the joint owner on the account.

7. Defendant opened the account bearing account number 17318 on or about October 25, 2005 with an entity named Designated Drivers of America as the joint owner on the account.

8. On or about October 30, 2005, Defendant deposited three (3) checks into the referenced account number 17317 all drawn on an account owned by Pvt. Whitney M. Deveroux, 18640 Mack Avenue, Grosse Pointe, MI 48236 held at the Parris Island Armed Services Bank located in Parris Island, South Carolina, to wit:

> Check #534 dated October 10, 2005 in the amount of $2,500.00;
>
> Check # 536 dated October 10, 2005 in the amount of $2,500.00;
>
> Check #542 dated November 2, 2005 in the amount of $5,500.00.

9. On or about October 30, 2005, Defendant deposited two (2) checks into the referenced account number 17318 all drawn on an account owned by Pvt. Whitney M. Deveroux, 18640 Mack Avenue, Grosse Pointe, MI 48236 held at the Parris Island Armed Services Bank located in Parris Island, South Carolina, to wit:

> Check #538 dated October 23, 2005 in the amount of $1,250.00;
>
> Check # 547 dated November 2, 2005 in the amount of $6,000.00.

10. Based upon information and belief, Whitney M. Deveroux is the Defendant's son.

11. All five checks were returned with a stamp indicating "unable to locate" and "endorsement cancelled" on November 21, 2005 and November 22, 2005.

12. In the interim, Defendant had withdrawn all funds from the accounts.

13. After Plaintiff informed the Defendant of the problem, Defendant forwarded a letter to

Plaintiff, dated December 13, 2005, indicating that an error occurred due to a mistake in a wire transfer and that an attorney had resolved the problem and Defendant would be in receipt of $21,000.00 in short order and she would then pay the amount due and owing to Plaintiff.

14. Plaintiff's counsel sent a letter to Defendant on December 14, 2005 stating the amount of the debt and that collection proceedings would be commenced should Defendant fail to satisfy the obligation.

15. Rather than paying Plaintiff from the $21,000.00 received as she indicated she would, Defendant filed Chapter 7 on January 3, 2006.

16. Defendant did not disclose the $21,000.00 she received as stated in her December 13, 2005 correspondence and does not account for the dissipation of the asset.

17. Defendant, based upon information contained in a letter dated January 13, 2006, knew that the funds were not available when the checks were issued to her however, she deposited them and withdrew the funds.

18. Defendant failed to schedule the debt owing to Plaintiff on Schedule F or the mailing matrix in this bankruptcy case.

19. It was not until the adjourned 11 U.S.C. §341 First Meeting of Creditors held on or about May 24, 2006 that Plaintiff learned of the bankruptcy and at that time, Plaintiff had applied for a Default Judgment in the state court collection matter as Defendant had been served with the Summons and Complaint on or about March 10, 2006. Further, Plaintiff's counsel received a telephone call from an Attorney Burgess indicating that an Answer to Complaint would be filed within 10 days.

20. Defendant knew the checks would be returned.

21. Defendant deposited and withdrew the funds with that knowledge.

22. Upon inquiry to Parris Island Armed Services Bank, Plaintiff was informed that Pvt. Whitney M. Deveroux was never an account holder at that financial institution.

23. Defendant's actions constitute false pretenses and/or actual fraud pursuant to 11 U.S.C. §523(a)(2)(A).

24. Pursuant to 11 U.S.C. §523(a)(2)(A), Defendant's actions render the obligation owing to Plaintiff nondischargeable.

WHEREFORE, Plaintiff requests this Court enter a judgment of nondischargeability, pursuant to 11 U.S.C. §523(a)(2)(A), against Defendant and in favor of Plaintiff in the amount of $17,183.30 plus interest, costs and attorneys fees.

July 12, 2006                    BUTLER, BUTLER & ROWSE-OBERLE, P.L.L.C.


/s/*Karen L. Rowse-Oberle*
KAREN L. ROWSE-OBERLE (P41893)
24525 Harper Avenue, Suite Two
St. Clair Shores, MI 48080
(586) 777-0770
krowse-oberle@butler-butler.com

Compl.DSECU.Deveroux